AYRES, Judge.
All of these actions, consolidated for the purpose of trial and judgment, were instituted by suppliers of materials and of services in the remodeling of a residence of defendant Bobbie Jo Smith Baskin Gallagher, wife of defendant James A. Gallagher. By these several actions, directed against the owners and their contractor, William H. Rutledge, claimants sought judgment not only for the amount of their respective claims but for recognition and enforcement of their liens and privileges against the property improved. Rutledge sought judgment over against the Galla-ghers for any amount for which he might be condemned.
The correctness of the amounts due the claimants and the validity of their respective liens were stipulated except as to the claim of D. P. Burnett, d. b. a. Burnett Electric Company, the correctness of which was established on trial by proof. There was judgment accordingly in their favor against Rutledge and the Gallaghers, in solido, and judgment likewise in favor of Rutledge against the Gallaghers for the sum of $5,029.15 plus interest and costs. From the aforesaid judgments, defendants Galla-ghers appealed.
A dispute exists between Rutledge, the contractor, and the Gallaghers, the home owners, with respect to certain extras on the job undertaken by the contractor. This dispute is the sole issue before the court.
The Gallaghers engaged Rutledge as contractor to furnish the materials and provide the necessary labor to remodel the Gallagher residence in the respects agreed upon for a price of $7,887.00. However, a dispute arose between them as to certain extras. The Gallaghers contend that the extra work performed by Rutledge aggregated $1,737.00 whereas Rutledge claimed, on trial, and so testified, that the extras aggregated $5,029.15.
The issues presented for resolution are factual in character. The problem is the evaluation of the evidence adduced on the trial of this cause with respect to these extras. While it appears that no good purpose would be served to attempt to reconcile the divergent views and testimony of Rutledge and James A. Gallagher, we do observe from the record that Rutledge listed in detail the extras required by the Gallaghers during the course of the remodeling project. These extras, listed by name and price, were the subject discussed in detail in Rutledge’s testimony. The Gallaghers’ testimony, in general terms, was insufficient to question the verity of plaintiffs’ claims. Although we have not been favored with written reasons for judgment, it is nevertheless made very clear that the trial judge accepted Rutledge’s testimony over that of the Gallaghers.
No sound reason or basis has been advanced nor has any showing been made why we, likewise, should not accept the testimony of the contractor. Our own review of the record fails to disclose any manifest error in the trial court’s findings of fact or the conclusions reached therefrom by it.
For these reasons, the judgment appealed is accordingly affirmed at the cost of appellants.
Affirmed.